## No. 129
## MYERS v. STATE

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1397.   Decided Nov. 13, 1925

**1235. VERDICT—Supported by circumstantial evidence will not be reversed where it is substantial and uncontradicted.**

**193. BURGLARY—Evidence showing that crime was committed in the night time, if substantial and uncontradicted, is sufficient to support charge.**

ALLREAD, J.

Herbert Myers was convicted in the Franklin Common Pleas for burglarly and grand larceny.

In prosecuting error of the case from the court below, it was contended on behalf of Myers that the evidence was not sufficient to convict him for burglary and that the State failed to identify Myers as the criminal.   Error was also assigned as to remarks of the Court during the prosecutor's argument, when an objection was made by counsel for Myers to certain remarks of the prosecutor, the Court stated: "I do not feel it my duty to say anything.   If I were to say something, I might say something that would be prejudicial."

The Court of Appeals in affirming the judgment of the Court below held:

1. The evidence offered by the state is undisputed since Myers did not testify nor call witnesses in his behalf to contradict the testimony of the state, and while Myers was not compelled to be a witness, under the recent constitutional amendment an inference is created against him.

2. The state's evidence shows that the building where the crime took place was forcibly entered into; that an iron safe was broken open and that $2000 in cash taken.   The fact that the building is located in a thickly populated district, is sufficient evidence from which an inference could be drawn that the crime was committed in the night time.

3. As to the question of identification, the uncontradicted evidence offered shows that two workmen noticed two strangers about the building the day previous to the robbery and that these workmen connected Myers as being one of the strangers through pictures from the bertillion officer of the State Penitentiary. This would lead to the inference that he was regarded in police circles as a criminal.

4. While the pictures of Myers are no proof that Myers committed the crime, and while distinct offenses cannot be shown by the State, it is competent evidence upon the question of identification if they have a legitimate bearing upon the offenses charged.

5. Where the evidential facts can be disputed and the defendant fails to do so, an inference arises as to the truth of the facts. Consequently, in the face of the state's testimony offered by credible witnesses and uncontradicted by Myers, the jury had a right to accredit such testimony.

6. While the latter part of the statement made by the judge in the court below might have been ommited, in view of the general charge which was fair, no prejudicial error was committed.

Judgment affirmed.

Attorneys—Hogan, Hogan & Hogan for Myers; John R. King, Pros. Atty., J. A. Godown, and Paul C. Hicks for State; all of Columbus.